977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mitchell L. POPE, Plaintiff-Appellant,
v.
Craig KLEMENS; Pat Wilson, Sergeant; Don Knechtel; Patty
Luciano; Clyde Smith; Paul Weidner; Mark Burns,
City of Lansing, Michigan Police
Officers, Defendants-Appellees.
 No. 92-1292.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Mitchell L. Pope, a Michigan citizen, appeals pro se from the summary judgment for seven Lansing police officers in this action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pope sought monetary and injunctive relief in this case, alleging that the defendants lacked probable cause for a search warrant of a house at which he was staying and for his arrest during the execution of the warrant. Further, he alleged that the defendants had falsified documents, used excessive force against him, and unnecessarily trashed the contents of the house.
 
 
 3
 Upon review, it is concluded that the summary judgment for defendants should be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The district court properly found on the record here that there was probable cause for both the search warrant and Pope's arrest. Plaintiff's conclusory allegations that documents were falsified were properly rejected. The district court also properly found that no genuine issue existed regarding the claim of excessive force, analyzed under the objective reasonableness standard of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395-97 (1989). Finally, the district court correctly found that Pope had not shown that state remedies were inadequate to redress his due process claim regarding the destruction of personal property. See Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988).
 
 
 4
 Pope argues on appeal that the district court erred in relying on the deposition excerpts submitted in support of defendants' motion for summary judgment, as they were incomplete and inaccurate. However, he failed to submit any significant probative evidence to the district court to contradict the evidence submitted by the defendants in the summary judgment motion. See Anderson, 477 U.S. at 248-50.
 
 
 5
 Defendants request the award of costs and attorney's fees on appeal. However, it is concluded that this appeal is not so frivolous as to justify an award of costs and fees. See Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir.1986).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The appellees' request for an award of costs and attorney's fees is denied.